IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| MICHAEL D. GOINS, | ) Civil Action No.: 4:06-cv-2516-CMC-TER |
| Plaintiff, | ) |
| v. | ) ORDER and |
| | ) REPORT AND RECOMMENDATION |
| SARGENT M. VOISELLE, | ) |
| Defendant. | ) |

## I. PROCEDURAL BACKGROUND

The plaintiff, Michael D. Goins ("plaintiff" or "Goins") filed this action pro se on September 12, 2006, under 42 U.S.C. § 1983[1]. The plaintiff is an inmate presently incarcerated at the Tyger River Correctional Institution. The plaintiff has filed this lawsuit, pursuant to 42 U.S.C. § 1983, asserting Sargent Voiselle poured a liquid substance over his food before passing it out to him which made him sick. Thus, plaintiff asserts Sgt. Voiselle was attempting to poison him.

On October 20, 2006, and March 19, 2007, plaintiff filed motions requesting a transfer from Tyger River Correction Institution in that he is afraid to be around Sargent Voiselle, he has been denied medical attention, and his requests for "whole" lawbooks have been denied because he was written up for tearing pages out of one of the books. (Documents #6 and #14). These motions are seeking injunctive relief and are thus, being treated as motions for temporary restraining orders.

In plaintiff's motions for injunctive relief, he is requesting to be transferred out of the Tyger River Correction Institution. However, plaintiff did not allege or provide evidence of any actual

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(d), DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the district judge.

injury or that he filed a grievance on the matter, etc.

The Court should consider and balance four factors in determining whether to grant injunctive relief prior to a trial on the merits:

> (a) plaintiff's likelihood of success in the underlying dispute between the parties; (b) whether plaintiff will suffer irreparable injury if the interim relief is denied; (c) the injury to defendants if an injunction is issued; and (d) the public interest.

North Carolina State Ports Auth. v. Dart Containerline Co. Ltd., 592 F.2d 749 (4th Cir. 1979). See also Blackwelder Furniture Co. v. Seilig Manufacturing Co., 550 F.2d 189 (4th Cir. 1977); Fort Sumter Tours, Inc. v. Andrus, 564 F.2d 1119 (4th Cir. 1977). However, preliminary relief directed to running a state prison should be granted only in compelling circumstances. Taylor v. Freeman, 34 F.3d 266, 269 (4th Cir. 1994).

The two most important factors are probable irreparable injury to the plaintiff if the relief is not granted and the likelihood of harm to the defendants if the injunction is granted. North Carolina State Ports Authority v. Dart Containerline Co., Ltd., 592 F.2d at 750.

To satisfy case or controversy requirement of Article III, plaintiff must show a personal threat of ongoing or future harm, the likelihood that the wrongful behavior will occur or continue, and that the threatened injury is impending. Friends of the Earth, Inc. v. Laidlaw Environmental Servs., 528 U.S. 167, 190 (2000); see also City of Los Angeles v. Lyons, 461 U.S. 95, 101-102 (1983) (plaintiff must face real and immediate threat of future injury).

Plaintiff does not have an automatic right to a preliminary injunction, and such relief should be used sparingly. The primary purpose of injunctive relief is to preserve the status quo pending a resolution on the merits. Injunctive relief which changes the status quo pending trial is limited to cases where "the exigencies of the situation demand such relief." Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980).

As noted, the courts are directed to leave prison administration to the discretion of those best

suited to running the prisons. Granting plaintiff injunctive relief would have the effect of allowing a prisoner to "approve" actions taken by the prison administration that might have an impact on them, because any attempt to require his compliance might be construed (by any of the parties) as a violation of the order. Importantly, the plaintiff has not shown or provided any evidence that he is currently subject to a real and immediate threat of physical harm. See Los Angeles v. Lyons, 461 U.S. 95 (1983). A review of the plaintiff's motions reveal that he has not been denied access to legal materials but only claims he is denied "whole law books." The plaintiff simply complains about the about the procedure that allows him access to legal materials. He does not allege a complete denial of access to all legal materials. In his motions to transfer, plaintiff also stated that he had been denied medical attention but does not provide any specific evidence to support this bald allegation. Plaintiff only asserts that "I fear to eat when he's here. I fear to shower when he's here because he "*might* rush me and try to put me on control celling for stagging[sic] in the shower." Further, plaintiff states that "I believe there's a whole big conspiracy against me at Tyger River Correctional" and " My good time is at risk here because he has the power and authority to write me up for anything and make it stick. I have no wins here at this facility." (Document # 14). In addition, plaintiff has failed to show a likelihood of success on the merits.

Furthermore, a prisoner has no due process right to be housed in any particular facility. Meachum v. Fano, 427 U.S. 215, 223-24 (1976). Therefore, it is recommended that plaintiff's motions for a Temporary Restraining order/injunctive relief should be DENIED (Documents #6 and #14).

## **ORDER**

Further, in his motion of March 19, 2007, plaintiff requests a copy of "my whole allegations and relief so I can send it to the American civil libraries union (ACLU) they are suppose[d] to be handling this case for me." (Document # 14). The office of the Clerk of Court is directed to forward plaintiff a copy of his complaint, statement of assets, Answer, motions, and Scheduling Order.

IT IS SO ORDERED.

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

April 24, 2007  
Florence, South Carolina