IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

**Michael D. Goins,**           )
                                )
                Plaintiff,       )
                                )          **C/A No. 4:06-2516-CMC-TER**
        v.                       )
                                )          **O R D E R**
**Sargent M. Voielle,**          )
                                )
                Defendant.       )
_____ )

Plaintiff has filed two motions in this pending civil rights action requesting a transfer from Tyger River Correction Institution, where he is presently being housed. In his motions, he claims he is afraid to be around Defendant; that he has been denied medical attention; and that his request for law books has been denied.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation.[1]

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with

_____

[1]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), D.S.C., all pretrial proceedings in prisoner petitions for relief under 42 U.S.C. § 1983 are referred to a U.S. Magistrate Judge. Because this is a dispositive motion, the report and recommendation is entered for review by the district judge.

instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report and Recommendation only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

The Magistrate Judge issued a Report noting that the two motions are seeking injunctive relief and should, thus, be treated as motions for temporary restraining orders. The Magistrate Judge recommends that Plaintiff's motions for a temporary restraining order/injunction relief be denied. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Plaintiff has filed no objections and the time for doing so has expired.

After reviewing the complaint, the motions, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted and incorporated by reference. Therefore, it is

**HEREBY ORDERED** that Plaintiff's motions for a Temporary Restraining Order/Injunctive Relief (Doc. # 6 and Doc. # 14) are **DENIED**.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
May 17, 2007

C:\Documents and Settings\guest\Local Settings\Temp\notesE1EF34\06-2516 Going v. Voiselle - Temporary restraining order-injunctive relief - Denied - dmb.wpd