IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| MICHAEL D. GOINS, | Civil Action No. 4:06-2516-CMC-TER |
| Plaintiff, | |
| v. | |
| | REPORT AND RECOMMENDATION |
| SARGENT M. VOISELLE, | |
| Defendant. | |

## I. PROCEDURAL BACKGROUND

The plaintiff, Michael D. Goins ("plaintiff"), filed this action under 42 U.S.C. § 1983[1] on September 12, 2006. Plaintiff alleges that his constitutional rights were violated by defendant. Defendant filed a motion for summary judgment on August 2, 2007. Because plaintiff is proceeding pro se, he was advised on or about August 6, 2007, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the defendant's motion for summary judgment with additional evidence or counter affidavits could result in the dismissal of his complaint. Plaintiff has failed to file a response to defendant's motion for summary judgment.

### A. RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990) and Chandler Leasing Corp.

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1)   the degree of plaintiff's responsibility in failing to respond;

(2)   the amount of prejudice to the defendant;

(3)   the history of the plaintiff in proceeding in a dilatory manner; and,

(4)   the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through plaintiff's neglect, and not that of an attorney, that no responses have been filed. Plaintiff has not responded to defendant's motion for summary judgment or the Court's Roseboro Order requiring him to respond. The undersigned concludes the plaintiff has abandoned his lawsuit as to this defendant. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

## II.  CONCLUSION

As set out above, a review of the record indicates that the plaintiff's complaint should be dismissed for failure to prosecute. It is, therefore,

RECOMMENDED that plaintiff's complaint be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b).

    Respectfully submitted,

    s/Thomas E. Rogers, III
    Thomas E. Rogers, III
    United States Magistrate Judge

September 19, 2007
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

3

4:06-cv-02516-CMC     Date Filed 09/19/07    Entry Number 39     Page 3 of 3

3